IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RICKY SWEET,

       Plaintiff,

vs.                                                  4:08CV229-MMP/AK

WALTER MCNEIL, et al,

       Defendants .

_____/


# O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 4). Also before the Court is Plaintiff's Motion directing service (doc. 7) and another Motion for leave to proceed IFP. (Doc. 5). Because Plaintiff's complaint fails to state a claim for relief, the motion requesting service (doc. 7) is **DENIED**. Plaintiff has already been granted IFP status, therefore, his second motion (doc. 5) is **DENIED**.

Plaintiff must also complete an amended complaint in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he was ordered by an unidentified correctional officer on September 11, 2007, to mow the grass for "talking in line." He filed a grievance on the incident alleging that the officer violated his procedural due process rights

when he summarily ordered him to mow the grass.  He also sues Defendant Hosford for denying the grievance and Defendant Boyd for "ratifying" it.  He does not state what Defendant McNeil actually did with regard to his claims, but he sues him in his official capacity.  Defendant Mitcham is not named in the text of the complaint whatsoever.  Plaintiff has failed to state claims against any of the named defendants.

Federal courts which have addressed the issue of whether defendants may be held liable for their participation or lack thereof in the grievance process have held that inmates are not constitutionally entitled to a grievance procedure, and therefore, the state creation of such a procedure does not give rise to a substantive constitutional right, particularly a liberty interest under the Due Process Clause.[1] Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied* 514 U.S. 1022, 115 S. Ct. 1371, 131 L. Ed. 2d 227 (1995); Smith v. Corrections Corporation of America, 19 Fed. Appx. 318, 321 (6th Cir. 2001); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied* 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 213 (1988).  Liability, therefore, cannot be predicated upon a claim that the defendants failed to process grievances, Buckley v. Barlow, 997, F.2d 494, 495 (8th

---

[1] An inmate cannot claim a due process violation unless he can show a deprivation of a protected liberty interest, and such interests are generally limited to (a) those actions that unexpectedly alter the inmates term of imprisonment, and (b) those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life.  Sandin v. Connor, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995).  For an inmate to have a protectible interest, he must have a legitimate claim of entitlement to it.  Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U. S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979).

Cir. 1993), or failed to process them effectively, LaFlame v. Montgomery County Sheriff's Department, 3 Fed. Appx. 346, 347 (6th Cir. 2001), or failed to process them timely, Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982).  *See also* Massey v. Helman, 259 F.3d 641 (7th Cir. 2001) (failure to provide grievance forms not a cognizable claim); Allen v. Wood, 970 F. Supp. 824, 832 (E.D. Wash. 1997) (improper processing not cognizable); Ainsworth v. Terhune, 2002 WL 1837806 (N.D. Cal.) (inordinate delay not a claim).

Plaintiff does not state any claim specifically against Defendants McNeil or Mitcham.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **July 3, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  **23rd**  day of June, 2008.

　　　　　　　　　　　　　　　　*s/ A. KORNBLUM*
　　　　　　　　　　　　　　　　**ALLAN KORNBLUM**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**